UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNAMARIE D. RIETHMILLER,[1]                         CASE NO. 8:12-cv-2516-T-17TBM

    Petitioner,

EX PARTE EMERGENCY MOTION TO ALLOW GRAND JURY SPECIAL
INVESTIGATION IN TERMS OF FLORIDA STATUTE 104.43

_____/

## ORDER

    This cause comes before the Court upon the filing by Petitioner, Annamarie D.
Riethmiller ("Petitioner"), which consists of a motion and 42 pages of exhibits that include
copies of state court filings, affidavits, and various incomprehensible statements of facts and
conclusions. The Court interprets this filing to be the Petitioner's attempt to file a complaint and
commence an action pursuant to Federal Rules of Civil Procedure 3 and 8. Read together, it is
clear that these rules require a complaint contain a "short and plain statement of the grounds for
the court's jurisdiction . . ." This Court concludes that this "complaint" fails to do so, is
frivolous, and should be dismissed.

    At the outset, the Court will promptly dismiss any notion that this forum is the proper one

---

[1]The petitioner's name has been changed by order to AnnaMarie Versfeld (*see* Dkt. 101-1, p. 13) but she is contesting that action, so the Court, for convenience, will use her married name.

to address any grievances Petitioner has with the judgment of any state court.[2]  The Court notes,

having researched cases filed in this division, that this is one of eight cases this individual has

filed in the United States District Court for the Middle District of Florida.  The previous seven

cases were dismissed for lack of jurisdiction and/or for being barred under the Rooker-Feldman

doctrine.[3]  *See Riethmiller v. Florida*, 2011 WL 4481446, at *1 (M.D. Fla. Sept. 27, 2011) (citing

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v.*

*Feldman*, 460 U.S. 462 (1983)).  As Judge Moody aptly stated, after reviewing Petitioner's prior

cases seeking "emergency injunctive relief arising from actions occurring in state court, this

Court does not have jurisdiction over these matters.  Here, Plaintiff's complaint is so unclear that

it is impossible for this Court to glean any jurisdictional basis."  *Id.*  The Court agrees that

Petitioner has failed to set forth a jurisdictional basis for this Court to proceed.

Attempting to glean some meaning from the "complaint," the Court believes that the

Petitioner is either attempting to get the Court to allow her to have a grand jury convened

(especially for her) or permit her to appear before any state grand jury that is already convened in

order to have the grand jury investigate a constitutional officer, namely the Clerk of the Circuit

for the Twelfth Judicial Circuit for Manatee County.  The Petitioner claims that Section 104.43

of the Florida Statutes permits this requested relief.  The Court disagrees.

Section 104.43 of the Florida Statutes states:

> The grand jury in any circuit shall, upon the request of any candidate or qualified
> voter, make a special investigation <u>when it convenes </u>during a campaign preceding

---

[2]Those allegations seem to relate to a divorce proceeding.

[3]Additionally, the Court notes several instances in which this Petitioner filed similar
actions in district courts across the United States.  *See, e.g., Last Name Uncertain v. Electors for
Ohio*, 2012 WL 5304734, at *1 (N.D. Ohio Oct. 25, 2012).

any election day to determine whether there is any violation of the provisions of this code, and shall return indictments when sufficient ground is found.

(emphasis added). No court has ever interpreted Section 104.43 of the Florida Statutes to permit a federal district court to order a special investigation by a state grand jury. The most basic notions of federalism and separation of powers counsel against a federal district court meddling in the affairs of a statewide grand jury system. Indeed, even leaving aside the federalism concerns for a moment, a federal district court is similarly powerless to direct the operational procedures of a federal grand jury. *See generally, United States v. Williams*, 504 U.S. 36, 48 (1992) ("The grand jury's functional independence from the Judicial Branch is evident both in the scope of its power to investigate criminal wrongdoing and in the manner in which that power is executed.").

Having reviewed Petitioner's claims and found them frivolous, the Court will now address Petitioner's failure to heed Judge Moody's prior admonition. After dismissing what was at the time Petitioner's seventh frivolous claim, Judge Moody admonished Petitioner that "if she files any future pleadings that the Court deems legally frivolous, she will be designated as a vexatious litigant which will require her to seek Court approval prior to filing future actions." *Riethmiller*, 2011 WL 4481446, at *1. Accordingly, it is

**ORDERED** that the Ex Parte Emergency Motion to Allow Grand Jury Special Investigation in Terms of Florida Statute 104.43 be **denied**, the Clerk of Court is **directed** to close this case and is **further directed**, based on Judge Moody's prior directive, to refrain from filing any new cases for this individual until it has been reviewed by a magistrate judge and approved for filing.

**DONE AND ORDERED** in Chambers in Tampa, Florida this ___ day of November, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies furnished to: All Counsel of Record